IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, <br><br> PLAINTIFF <br><br> v. <br><br> Leroy Alonzo McElveen, <br><br> DEFENDANT | Case No. 4:03-cv-00651-TLW <br><br><br> **Order** |

This matter is before the Court on Defendant Leroy McElveen's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 179. For the reasons set forth below, his motion is denied.

## BACKGROUND

On October 1, 2004, McElveen was convicted by a jury of conspiracy to commit armed bank robbery, robbery affecting commerce and two counts of use of a firearm during a crime of violence. ECF Nos. 67, 82. This Court sentenced him to 476 months' imprisonment. ECN No. 97. In regard to the two 924(c) counts, McElveen was sentenced to 7 years and 25 years consecutively. *Id.* According to BOP records, he is scheduled to be released from custody on June 20, 2038.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

1

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

McElveen has filed a motion seeking a sentence reduction under § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling circumstances." ECF No. 179. Specifically, McElveen moves for a sentence reduction based on (1) the length of the mandatory sentences he received for his two § 924(c) convictions in relation to the terms that would be applied under current law and (2) based on his alleged medical conditions—hypertension and hepatitis B—that he claims make him especially vulnerable to becoming seriously ill from COVID-19. *Id.* He argues that if he were sentenced today, he would only face two 7-year consecutive sentences, rather than 7-year and 25-year consecutive sentences.

The Government opposes his motion, arguing that he has failed to present any "extraordinary and compelling reasons" warranting a sentence reduction on two grounds. ECF No. 186 at 11. First, the Government addresses Defendant's claimed medical conditions in the context of the COVID-19 pandemic, citing to the Center for Disease Control's updated list of underlying medical conditions that are at increased risk for severe illness from COVID-19. *Id.* at 11-12. The Government argues that "even assuming he has provided sufficient documentation to show he suffers from hypertension/high blood pressure and hepatitis B and C, he has not shown that these conditions fall within either category specified in the policy statement's application

3

note. *Id.* at 13. Furthermore, the Government asserts that Defendant's alleged conditions do not rise to the level of severity required under the policy statement, i.e. that a condition substantially diminishes his ability to provide self-care within the environment of a correctional facility, and moreover that "his claimed medical conditions have not been identified by the CDC as increasing a person's risk for developing serious illness from COVID-19." *Id.* In sum, the Government summarily argues that Defendant fails to establish "extraordinary and compelling reasons" for a sentence reduction based on his asserted medical conditions on grounds that his conditions, hypertension and hepatitis B, substantially diminish his ability to provide self-care against serious illness or death from COVID-19. *Id*

The Government opposes McElveen's motion, arguing that the § 924(c) change alone does not warrant a reduction. *Id*. at 14. The Government also argues that the egregious nature of the facts of the case, his prison disciplinary history, his prior criminal record, and the § 3553(a) factors all counsel against relief. *Id*. at 18–20.

Defendant filed a reply to the Government's response in opposition, ECF No. 194, and asserts that he "has shown exemplary rehabilitation including substantial efforts in educational advancement as well as courses related to mental health." ECF No. 194 at 2. He claims that he is not a danger to the community and "has not had any violent incidents since being incarcerated." *Id*. Further, he states that he has a release plan for work and housing, and advocates for a reduced sentence to 260 months. *Id*. at 4.

In considering whether to reduce McElveen's sentence, the Court has carefully

4

reviewed the PSR and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, the § 3553(a) factors, and his post-sentencing conduct.[1] In light of those considerations, the Court concludes that he has not shown that the § 3553(a) factors weigh in favor of a reduction. The Court's reasons for reaching this conclusion include (1) the serious nature of the instant offenses, (2) his extensive prior criminal conduct; (3) his prison disciplinary history; and (4) he was on state probation when he committed the instant offenses.

As to the "extraordinary and compelling" reason standard, the Court acknowledges the First Step Act's elimination of the "stacking" of sentences pursuant to § 924(c). As a result, if McElveen were convicted of the same charges today, he would be subject to lower mandatory minimum sentences on the § 924(c) counts and a lower overall sentencing range. However, Congress explicitly did not make the First Step Act's § 924(c) change retroactive.[2] § 403(b), 132 Stat. at 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*" (emphasis added)). Although the First Step Act's change to § 924(c) sentences "can constitute an extraordinary and compelling reason for relief," the Fourth Circuit recognized that "not *all* defendants convicted

---

[1] The Court has considered in its analysis all of the issues raised in McElveen's filings, including (1) his age when he committed the instant offenses; (2) the time he has already served and the remaining time; (3) his conduct while incarcerated; and (4) the First Step Act's change to § 924(c)'s statutory penalties.

[2] Nevertheless, the Court recognizes that this change must still be considered when evaluating a motion for compassionate release. *See McCoy*, 981 F.3d at 284.

under § 924(c) should receive new sentences." *McCoy*, 981 F.3d at 285, 287. Deciding whether a particular defendant's sentence should be reduced is ultimately an individualized, case-by-case inquiry. *See id.* at 287–88. In light of *McCoy*, and for purposes of Brown's motion, the Court will assume that he has established "extraordinary and compelling" circumstances. However, based on the Court's analysis and balancing of the § 3553(a) factors, his sentence should not be reduced.

In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offenses and the Defendant's criminal history. Prior to the Defendant's present federal convictions for which he is currently incarcerated, he was previously convicted of additional violent serious conduct, including robbery with a dangerous and deadly weapon in 1996 when he and another codefendant robbed a convenience store with a sawed-off shotgun. PSR ¶ 69. Defendant was sentenced to 10 years suspended to 7 years and 3 years' probation for his role as an accomplice in the armed robbery. PSR ¶ 70. The Defendant is in the criminal history category of IV. PSR ¶ 74. In light of the Defendant's criminal history, the Court concludes that "the history and characteristics of the defendant" weigh against release.

After serving his period of incarceration for his state armed robbery conviction, the Defendant committed the instant federal offense while on state probation. *Id.* The facts of the instant offense are outlined in Paragraphs 13-26 of the PSR. The Court will not restate all the facts here but will highlight the significant details. Defendant committed two armed robberies during which he obtained money and threatened the victims with a handgun. PSR ¶¶ 13-28. During the first robbery, Defendant handed

an employee a note reading "this is a holdup," and proceeded to demand the employees open two cash drawers and place money in a drawstring bag. PSR ¶8. After receiving the cash, Defendant demanded two victims hand over their jewelry, forced them into a bathroom in the back of the business, and threatened one of the victims by telling her to remain calm if she wanted to see her twin children again. *Id.* at ¶¶ 20-25, 28. Before leaving the premises, Defendant even stole the purses belonging to the two victims. *Id.* at 24. One victim suffered significant trauma and sought counseling as a result of the robbery. *Id* . She also left her position as a result of the trauma. *Id.*

Approximately two months later, Defendant committed his second armed robbery of the summer—this time at a bank in Greelyville, South Carolina. *Id.* at ¶ 6. Defendant and a codefendant each pointed handguns at victim tellers and demanded money. *Id.* Defendant a codefendant left the bank with $5,284 and a highspeed chase ensued during which the codefendant pointed a firearm at law enforcement resulting in gunfire during the pursuit. *Id.* at ¶¶ 14-15. Defendant committed both the instant offenses while on state probation. *Id.* at ¶¶ 70, 72. After a review of this serious offense conduct, the Court concludes that "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), weigh heavily against release.

In sum, Defendant has committed three dangerous and violent robberies—all of which involved a firearm. On three separate occasions he has used a firearm to demand money from someone else at gunpoint. His conduct demonstrates a disrespect for the law and his propensity to engage in criminal conduct dating back to 1997. A

review of the instant offense and Defendant's criminal history leads the Court to conclude that § 3553(a)(2)—the need for the sentence imposed—weighs against release. Defendant's sentence was and is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant. In *McCoy*, the district court concluded that the defendant's stacked § 924(c) sentences "far exceeded that necessary to achieve the ends of justice." 981 F.3d at 278. Here, by contrast, the Court concludes that McElveen's current sentence is sufficient, but not greater than necessary, to satisfy the factors in § 3553(a)(2).

The Court next turns to §§ 3553(a)(3)–(6)—the kinds of sentences available, the Guidelines sentencing range, any applicable policy statements, and the need to avoid sentencing disparity. McElveen was convicted at trial on two § 924(c) counts and sentenced to 7 years and 25 years to run consecutively to each other and to his sentence on the other counts of the conviction. ECF Nos. 67, 82.

The Court acknowledges that the First Step Act eliminated the "stacking" of multiple § 924(c) sentences and, as a result, if McElveen only pled to the same two charges today, he would be subject to a lower mandatory minimum and corresponding Guidelines range. But it is extremely difficult to try to predict how this case would have played out today as to what sentence would be imposed, more than 16 years later, if current law had been in place at the time. It is clear that the Government sought a substantial sentence for McElveen in light of the significant, violent conduct involved in his crimes and § 924(c)'s statutory sentences were a way to accomplish that goal. If released, this offender poses a significant risk to the safety of the public.

The Court has considered the recalculated Guidelines if he pled to the same two charges today, as well as under multiple alternative plea or conviction scenarios. While the Guidelines range would be lower, the statutory maximum is life imprisonment. The Court has given careful consideration to this issue and concludes that the factors in §§ 3553(a)(3)–(6) do not weigh in favor of release or a sentence reduction.

As to the remaining factors, the Court acknowledges that the record reflects that McElveen has made rehabilitative efforts while incarcerated. However, those factors, balanced against the factors discussed above, do not warrant release or a sentence reduction.

As noted, the Fourth Circuit indicated that district courts should not grant sentence reductions based solely on the First Step Act's change to § 924(c) but should instead "conduct individualized inquires" and consider factors specific to the defendant. *McCoy*, 981 F.3d at 288. The Court has followed that guidance and has based its decision on the individualized considerations outlined in detail above, after having fully considered each of McElveen's arguments. The Court's § 3553(a) analysis leads the Court to conclude that he must serve the remainder of the sentence imposed.

In light of the seriousness of the instant offense, and Defendant's criminal history, the Court finds that the 3553(a) factors weigh against release. Accordingly,

9

his compassionate release motion, ECF No. 179, is **DENIED**. [3] [4]

      **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 31, 2022
Columbia, South Carolina

---

[3] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[4] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.